NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BONNA PETERS, | : |
| Plaintiffs, | : Civil Action No. 13-6085 (JAP) |
| v. | : **OPINION** |
| STOP & SHOP, JOHN DOES 1-10 (fictitious persons), ABC CORPORATIONS 1-10 (fictitious corporations), | : |
| Defendant. | : |

PISANO, District Judge.

This is an action brought by Plaintiff Bonna Peters ("Plaintiff") against Defendant Stop & Shop ("Defendant"). This matter comes before the Court on Plaintiff's motion[1] to remand this case pursuant to 28 U.S.C. § 1447(c) to the Superior Court of New Jersey, Law Division, Middlesex County because Defendant failed to remove this action within thirty (30) days of service of the original complaint. [ECF no. 4]. The Court decides these matters without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion to remand this action to state court shall be granted.

**I.   Background**

On July 26, 2013, Plaintiff initiated this action in the Superior Court of New Jersey, Law Division, Middlesex County (Docket No. L-5013-13). Plaintiff seeks money damages for personal injuries allegedly sustained by Plaintiff on or about September 2, 2011 when she fell on

---

[1] Plaintiff inappropriately labeled its Motion to Remand as an "Opposition to Defendant's Notice of Removal, Counsel Fees and Costs." [ECF no. 4]. For purposes of this Opinion, the Court will refer to these papers as her Brief ("Pl.'s Br."). Likewise, Defendant filed in response its "Reply to Plaintiff's Opposition to Defendant's Notice of Removal" ("Reply"), which the Court will refer to as its Opposition ("Def.'s Opp."). [ECF no. 5].

Defendant's premises located in the Concordia Shopping Center, 1600 Perrineville Road, in Monroe, Middlesex County, New Jersey. *See* Compl. ¶¶ 1, 6. As a result of her fall, Plaintiff alleges she has

> suffered severe, permanent disabling injuries, serious disfigurement, has undergone and will undergo great pain and suffering, has been and will be forced to undergo extensive medical treatment for her injuries, has been and will be forced to expend large sums of money for treatment of her injuries, has been and will be unable to attend to her usual course of business and has otherwise been injured, all to her detriment.

Compl. ¶ 7. In accordance with New Jersey State Court Rule 4:5-2, the Complaint does not specify a damages amount.[2] The Defendant was served with the Complaint on August 22, 2013.[3]

On October 11, 2013, Defendant filed the Notice of Removal.[4] Defendant alleges jurisdiction, pursuant to 28 U.S.C. § 1332, based solely upon diversity of citizenship of the parties. *See* Notice of Removal ¶ 10. The Notice of Removal states that Defendant removed the action within thirty (30) days of the original filing and service of the Complaint upon the Defendant. *Id.* at ¶ 9. It also states that the amount in controversy exceeds $75,000. *Id.* at ¶¶ 8, 10.

---

[2] New Jersey Court Rule 4:5-2 states, in relevant part:

> If unliquidated money damages are claimed in any court, other than the Special Civil Part, the pleading shall demand damages generally without specifying the amount. . . . Upon service of a written request by another party, the party filing the pleading shall within 5 days after service thereof furnish the requesting party with a written statement of the amount of damages claimed, which statement shall not be filed except on court order.

[3] Defendant originally claimed that it was served with the Complaint on September 4, 2013. *See* Notice of Removal, ¶ 2. Plaintiff, in its motion, states that she served Defendant on August 22, 2013 and attaches an Affidavit of Service as proof. See Pl.'s Br. Ex. 2. In its response, Defendant does not contest that it was actually served on August 22, 2013, but rather argues that its Notice was nevertheless timely filed under 28 U.S.C. § 1446(b)(3). Based on the undisputed Affidavit of Service, this Court finds that Defendant was properly served on August 22, 2013.

[4] Both Plaintiff and Defendant claim that the Notice of Removal was filed on October 3, 2013. The Notice of Removal, however, was not filed until October 11, 2013. [*See* ECF No. 1]. Under § 1446(a), (d), the notice of removal is considered effected only after the removing party has first filed the notice of removal with the federal district court, and "promptly after the filing of such a notice of removal," provided written notice to the adverse parties and filed a copy of the notice with the clerk of the State court.

Plaintiff opposes the removal of this action, arguing that removal was untimely under 28 U.S.C. § 1446(b) because Defendant did not file its Notice of Removal until October 3, 2013, which is more than thirty (30) days after Defendant was served with the Complaint. *See* Pl.'s Br. ¶¶ 4-5. In response, Defendant contends, for the first time, that removal was appropriate and timely under § 1446(b)(3) because the Complaint did not specify a damages amount. Specifically, Defendant asserts that "after Plaintiff's counsel failed to respond to numerous telephone calls inquiring as to the amount of damages Plaintiff is alleging, as the Complaint did not specify an amount," they decided to file the Notice of Removal "rather than waiting for Plaintiff to respond to Defendant's repeated requests for the amount of alleged damages and prolonging the time the case remained in State Court." Def.'s Opp. ¶¶ 4, 6. Defendant further asserts that the only information they have "with regards to Plaintiff's alleged damages is what is stated in the Complaint. Namely, that she 'suffered severe, permanent disabling injuries, [and] serious disfigurement. . . .'" *Id.* at ¶ 5.

**II.     Discussion**

An action brought in state court may be removed to the appropriate federal district court by the defendant if that federal district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). In order to remove the matter to the district court, the defendant must file a notice of removal, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon defendant or defendants in such action." *See* 28 U.S.C. § 1446(a).

The removing party "bears the burden of proving that jurisdiction exists." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). "Removal statutes 'are to be strictly

construed against removal and all doubts should be resolved in favor of remand.'" *Id*. (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

An action that has been removed can be remanded to state court, pursuant to 28 U.S.C. § 1447(c), if the removal procedure was defective. Significantly here, a failure to file the notice of removal within the statutory timeframe is sufficient grounds to remand an action to state court. *See Foster v Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3d Cir. 1993). Section 1446(b), controlling the time limitations for removal, provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Therefore, under § 1446(b), if an initial pleading is removable, a defendant has thirty days after receipt of the initial pleading to file its notice of removal. If, however the initial pleading is not removable, a defendant has thirty days from receipt of an amended pleading, motion, order or "other paper" from which the defendant can first determine that the matter is removable.

An initial pleading need not state the amount in controversy in order to indicate the existence of diversity jurisdiction and start the running of the thirty-day period for removal. "Rather, the thirty-day period begins to run when a defendant can reasonably and intelligently conclude from the pleadings that the amount in controversy exceeds the jurisdictional minimum." *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d. 516, 521 (D.N.J. 1998) (citing *Foster*, 986 F.2d at 54). *See also Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)

4

(explaining that the amount in controversy is determined "by a reasonable reading of the value of the rights being litigated").

Here, Defendant removed the case, asserting that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* Notice of Removal ¶ 10. However, Defendant filed its Notice of Removal on October 11, 2013, more than thirty days after it was served with the Complaint on August 22, 2013. Defendant's removal, therefore, was untimely.

In response, Defendant contends for the first time that its removal was not untimely, as the Complaint did not assert the amount of damages that Plaintiff was seeking, and Plaintiff's counsel failed to return any of its phone calls in which it inquired about the amount of damages that Plaintiff would be seeking.[5] This argument, however, lacks merit. Unlike the cases that Defendant cites to,[6] the initial pleading in this case amply supports removal; therefore, Defendant had thirty days to file its Notice of Removal from the date of service of the initial pleading.

"In the context of a personal injury suit between diverse parties…courts have held that allegations of severe injuries along with pain and suffering will alert the defendant that an amount in excess of the jurisdictional amount is at issue and trigger the running of the thirty-day period." *Carroll*, 7 F. Supp. 2d at 521-22 (internal citation and quotation omitted) (citing cases). Here, as indicated, the Complaint alleges Plaintiff

---

[5] Additionally, Defendant's attempts to call Plaintiff for a damages amount are inappropriate under New Jersey Court Rule 4:5-2, which states that the party filing the pleading has five (5) days to provide a written statement of the amount of damages claimed "upon service of a written request by another party."

[6] *See Rahwar v. Nootz*, 863 F Supp. 191, 191-92 (D.N.J. 1994) (explaining that the complaint did not reveal a damages amount, and defendant timely filed when it filed its notice of removal within 30 days of receiving a damages letter from plaintiff claiming $500,000 in damages); *Vartanian v. Terzian*, 960 F. Supp. 58, 62 (D.N.J. 1997) (explaining that the initial pleading "did not reveal on its face a specific amount the plaintiff claimed as damage").

> suffered severe, permanent disabling injuries, serious disfigurement, has undergone and will undergo great pain and suffering, has been and will be forced to undergo extensive medical treatment for her injuries, has been and will be forced to expend large sums of money for treatment of her injuries, has been and will be unable to attend to her usual course of business and has otherwise been injured, all to her detriment.

Compl. ¶ 7. The severity of these injuries put Defendant on notice that Plaintiff had a claim over $75,000, and Defendant knew or should have known upon its receipt of service of the Complaint that the amount in controversy was, at the least, sufficient for diversity jurisdiction. *See Carroll*, 7 F. Supp. at 522. *See Weiderspahn v. Wing Enters.*, No. 09-2441, 2009 U.S. Dist. LEXIS 58869, *11-12 (D.N.J. July 10, 2009); *Sims v. PerkinElmer Instruments, LLC*, No. 04-CV-3773, 2005 U.S. Dist. LEXIS 5300, *9-11 (E.D. Pa. Mar. 31, 2005); *Ferketich v. Carnival Cruise Lines*, No. 02-3019, 2002 U.S. Dist. LEXIS 16266, *5 (E.D. Pa. Aug. 13, 2002); *Teajman v. Frigoletti*, No. 96-4779, 1997 U.S. Dist. LEXIS 23847, *8-9 (D.N.J. Feb. 11, 1997). This Court itself has held that severe and permanent injury, including future medical expenses and loss of earnings, can be sufficient for removal. *See McCall v. New Prime, Inc.*, No. 12-02442, 2012 U.S. Dist. LEXIS 124473, *2-3 (D.N.J. Aug. 31, 2012) (Pisano, J.).

Therefore, because "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand," *Boyer*, 913 F.2d at 111 (internal citation omitted), this Court finds that the Complaint provided notice to Defendant that the amount in controversy could reasonably exceed $75,000. Accordingly, because diversity jurisdiction was apparent when Defendant received the Complaint on or about August 22, 2013, removal, which was not effected until October 11, 2013, was untimely under § 1446(b).

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand will be granted. An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: October 26, 2013